| | |
|---|---|
| 1 | CARLE, MACKIE, POWER & ROSS LLP |
| | JOHN B. DAWSON (SBN 242161) |
| 2 | (*jdawson@cmprlaw.com*) |
| | RICHARD C. O'HARE (SBN 167960) |
| 3 | (*rohare@cmprlaw.com*) |
| | 100 B Street, Suite 400 |
| 4 | Santa Rosa, California 95401 |
| | Telephone: (707) 526-4200 |
| 5 | Facsimile: (707) 526-4707 |
| 6 | Attorneys for Plaintiff |
| | DAVIS-LEHRMITAGE LLC |
| 7 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | | |
|---|---|---|
| 10 | DAVIS-LEHRMITAGE LLC, a California limited liability company, dba DAVIS FAMILY VINEYARDS, | Case No: |
| 11 | | **COMPLAINT** |
| 12 | Plaintiff, | 1. Federal Trademark Infringement |
| 13 | v. | 2. Federal Unfair Competition |
| | | 3. Cal. Unfair Competition B&P Code § 17200 et seq. |
| 14 | DAVIS ESTATES LLC, a California limited liability company; and DOES 1 through 10, | 4. Common Law Injury to Business Reputation |
| 15 | | 5. Common Law Unfair Competition |
| | Defendants. | 6. Common Law Trademark Infringement |
| 16 | | |
| 17 | | *JURY TRIAL DEMANDED* |

Plaintiff Davis-Lehrmitage LLC, a California limited liability company, dba Davis Family Vineyards ("Davis Family Vineyards" or "Plaintiff"), by and through its attorneys Carle, Mackie, Power and Ross LLP, as and for its Complaint against defendants Davis Estates LLC, and DOES 1 through 10 (collectively, "Defendants") alleges as follows:

## NATURE OF ACTION

1. Davis Family Vineyards is the owner of the registered, incontestable trademark DAVIS FAMILY VINEYARDS®, U.S. Registration No. 3,189,400, in International Class 33 for alcoholic beverages, namely, distilled spirits and wine (the "DAVIS FAMILY VINEYARDS Mark"). Over the past 17 years, Davis Family Vineyards has sold hundreds of thousands of

bottles of ultra-premium wine featuring the DAVIS FAMILY VINEYARDS Mark, with revenues from such sales in the tens of millions of dollars. Davis Family Vineyards continues to market and sell wines bearing the DAVIS FAMILY VINEYARDS Mark, and considers the DAVIS FAMILY VINEYARDS Mark to be a prized asset of its business.

2. This action arises out of Defendants' unauthorized incorporation and infringing use of the confusingly similar common law trademark DAVIS ESTATES on and in connection with, *inter alia*, Defendants' wine products ("Defendants' Mark").

3. Despite Davis Family Vineyards' written requests, Defendants have refused to cease their use of Defendants' Mark. Accordingly, Davis Family Vineyards brings this action for infringement of the DAVIS FAMILY VINEYARDS Mark in violation of § 32 of the Lanham Act, 15 U.S.C. §§ 1114(1); for unfair competition and false designation of origin in violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a); for unfair competition arising under Cal. Bus. & Prof. Code § 17200 et seq.; for common law injury to business reputation; and for unfair competition and trademark infringement under the common law of the State of California. Davis Family Vineyards hereby seeks permanent injunctive relief restraining Defendants' continuing and future infringement of the DAVIS FAMILY VINEYARDS Mark, monetary damages, and recovery of attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) and 15 U.S.C. § 1121. This Court has related claim jurisdiction over the state law claim pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants, either directly or through their agents, transacted business in the State of California and in this judicial district ("district"), directed their activities to the State of California and this district, committed the tort of infringement in this district, and/or expected or should reasonably have expected their acts to have consequences in the State of California and this district.

///

6. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because Defendants are conducting business in this district, a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants are entities with the capacity to sue and be sued in their common names and are subject to personal jurisdiction in this district.

## INTRADISTRICT ASSIGNMENT

7. This is an intellectual property action to be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c).

## THE PARTIES

8. Plaintiff Davis-Lehrmitage LLC, dba Davis Family Vineyards, is and at all times mentioned herein was, a limited liability company existing under the laws of the State of California, having a principal place of business in Healdsburg, Sonoma County, California. All of the members of Davis-Lehrmitage LLC are also citizens of the State of California.

9. Upon information and belief, defendant Davis Estates LLC is, and at all times mentioned herein was, a limited liability company under the laws of the State of California, having a principal place of business in Huntington Beach, California.

10. Plaintiff is currently unaware of the identities of defendants Does 1 through 10, and therefore sues such defendants by such pseudonyms. Upon information and belief, discovery shall reveal the true identities of those defendants and Plaintiff shall then amend this Complaint to identify those defendants by name.

11. Upon information and belief, there now exists, and at all relevant times herein there existed, a unity of interest and ownership between and among the Defendants, such that any individuality and separateness between and among them has ceased to exist, and Defendants, and each of them, are the alter egos of each other, had the authority to bind the others in transactions with third parties, committed acts and omissions leading to the infringement of the DAVIS FAMILY VINEYARDS Mark and Plaintiff's damages, were acting in concert and active participation with each other in committing the acts alleged herein, and in so doing acted within the scope and course of their agency with every other defendant named herein and each of them authorized, directed, accepted, ratified, and approved such actions.

**CARLE, MACKIE,**
**POWER & ROSS** LLP

3

COMPLAINT

# FACTUAL BACKGROUND

12. Founded in 1999, Davis Family Vineyards has long been recognized as a leading producers of ultra-premium wine in the United States. Since June 1, 1999, Davis Family Vineyards has sold hundreds of thousands of bottles of ultra-premium wine, the labels of which prominently featured, and continue to feature the DAVIS FAMILY VINEYARDS Mark.

13. Davis Family Vineyards is truly a "family" business, in which Guy Davis, co-founder and winemaker, his wife and co-founder Judy Davis, and their adult sons Cole Davis and Cooper Davis, all actively work in varying degrees for the company.

14. On February 13, 2006, Davis Family Vineyards applied to register the DAVIS FAMILY VINEYARDS Mark with the United States Patent and Trademark Office ("USPTO") in International Class 33 for "Alcoholic beverages, namely, distilled spirits and wine." On December 26, 2006, the USPTO approved Plaintiff's application and issued a Certificate of Registration for the DAVIS FAMILY VINEYARDS Mark for "Alcoholic beverages, namely, distilled spirits and wine" in International Class 33, U.S. Reg. No. 3,189,400.

15. On February 4, 2013, Davis Family Vineyards filed a combined Declaration of Use and Incontestability under Sections 8 and 15 of the Lanham Act with the USPTO for the DAVIS FAMILY VINEYARDS Mark. Accordingly, the DAVIS FAMILY VINEYARDS trademark registration is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065 and § 1115(b).

16. Davis Family Vineyards also owns the domain name www.davisfamilyvineyards.com, and has operated a website at this address to promote its goods under the DAVIS FAMILY VINEYARDS Mark since at least as early as June 1, 1999.

17. Since June 1, 1999, Davis Family Vineyards has generated tens of millions of dollars in revenue from the sale of wines prominently featuring the DAVIS FAMILY VINEYARDS Mark.

18. Since approximately 1999, Davis Family Vineyards has spent hundreds of thousands of dollars developing and promoting the DAVIS FAMILY VINEYARDS Mark and to maintain the preeminent reputation of the brand in the State of California and throughout the

United States.  Accordingly, the DAVIS FAMILY VINEYARDS Mark now enjoys considerable goodwill in the alcoholic beverage industry, among consumers, and among the general public.

19. Davis Family Vineyards and its wines have received substantial praise and exceptional reviews from Robert Parker, Antonio Galloni, and other leading wine critics, and publications such as Decanter, Wine Spectator, Wine Enthusiast, The New York Times, Wall Street Journal, Sunset, Boston Globe, and the San Francisco Chronicle.  Davis Family Vineyards has also earned dozens of gold medals and other awards in regional competitions located in California, Texas, and other states throughout the U.S.

20. As a result of Davis Family Vineyards' efforts, and the great press it and its wines have received, the DAVIS FAMILY VINEYARDS Mark is widely recognized and respected by consumers as well as by members of the trade: distributors, restaurants, and retailers in the State of California and throughout the United States recognize the DAVIS FAMILY VINEYARDS Mark as an exclusive designation of source for the goods of Davis Family Vineyards.  Moreover, consumers and the media have come to associate DAVIS FAMILY VINEYARDS and the last name "Davis" in the context of northern California wine with Davis Family Vineyards and its high-quality wines.

21. Defendants operate a winery under the name "Davis Estates" located at 4060 Silverado Trail N., Calistoga, Napa County, California ("Defendants' Winery").

22. On information and belief, in 2016 Defendants opened to the public and began operation of a cave for tours and wine tastings at Defendants' Winery.

23. On information and belief, in 2016 Defendants began to publicly advertise and solicit consumers to visit their winery and cave for tours and tastings.  On information and belief, consumers can taste and purchase wines at Defendants' Winery and cave that are sold bearing Defendants' Mark DAVIS ESTATES.

24. On information and belief, Defendants' marketing and promotions efforts in 2016 associated with Defendants' Mark have been dramatically greater than any such efforts rendered previously (if any), and the volume of Defendants' sales of wines bearing Defendants' Mark

///

1  have likewise increased.  Consequently, the likelihood of confusion with the DAVIS FAMILY
2  VINEYARDS Mark has substantially increased with the greater visibility of Defendants' Mark.

3      25.    Defendants currently market and sell wines featuring Defendants' Mark in
4  California, Texas, and other states.  On information and belief, Defendants are also the owners of
5  the domain name [www.davisestates.com](www.davisestates.com) and maintain a website at this URL to market and
6  promote their wines, including wines bearing Defendants' Mark.  On information and belief,
7  Defendants also maintain a presence on social networking sites such as Facebook, Twitter, and
8  Instagram through which it promotes wines bearing Defendants' Mark.

9      26.    Defendants' Mark DAVIS ESTATES is confusingly similar to the Plaintiff's
10  DAVIS FAMILY VINEYARDS Mark, given that their mark incorporates the first word and
11  dominant term of the DAVIS FAMILY VINEYARDS Mark, DAVIS, and is consequently
12  similar in appearance, sound, connotation, and overall commercial impression.  The harm arising
13  from this similarity is exacerbated by the relatedness of Davis Family Vineyards' and
14  Defendants' goods, both of which are wines made from California grapes, and by the geographic
15  proximity of Defendants' Winery and tasting cave to Davis Family Vineyards' winery and
16  tasting room (less than 25 miles).

17      27.    Defendants' use of Defendants' Mark on and in connection with wine is likely to
18  cause confusion, mistake or deception in the minds of consumers as to the source of Defendants'
19  products, as to Davis Family Vineyards' affiliation, connection, or association with Defendants,
20  and/or as to Davis Family Vineyards' approval or sponsorship of Defendants' products or
21  commercial activities.

22      28.    Defendants' infringing use of the confusingly similar mark DAVIS ESTATES
23  will financially and otherwise harm Davis Family Vineyards, by diminishing the value of the
24  DAVIS FAMILY VINEYARDS Mark and threatening its ability to function as a unique and
25  distinctive indicator of source for the company and its wines.  Moreover, upon information and
26  belief, Defendants' use of the infringing mark DAVIS ESTATES for its business and wines will
27  unjustly enrich Defendants by increasing the popularity and profitability of Defendants' products
28  and business, to the detriment of Davis Family Vineyards and consumers.  Consumers have

**CARLE, MACKIE,
POWER & ROSS LLP**

6

COMPLAINT

purchased and will continue to purchase Defendants' wines under a mistaken belief that such wines are from or are otherwise associated with/approved by Davis Family Vineyards, and will forgo purchasing Davis Family Vineyards' wines, resulting in lost sales and profits for Davis Family Vineyards. Davis Family Vineyards and consumers will be harmed by the confusion caused by Defendants' aforementioned wrongful conduct and sharp business practices, which also constitute unfair competition. Furthermore, Defendants and their mark will unjustly benefit from the false association with Davis Family Vineyards' DAVIS FAMILY VINEYARDS Mark at no cost to Defendants.

29. Defendants have been well aware of Davis Family Vineyards' trademark rights in the DAVIS FAMILY VINEYARDS Mark since at least as early as 2014. Defendants are also aware that actual confusion has already occurred. In 2016, a tour bus carrying consumers that had scheduled a tour and tasting at Davis Family Vineyards mistakenly went to Defendants' Winery. This mistake is not surprising, given that (1) both wineries begin with the name "Davis," and (2) the wineries are less than 25 miles apart. Unfortunately, over the past 8 months, there have been multiple instances of similar confusion in the minds of consumers throughout the country.

30. An article in the May 9, 2016 Napa Valley Register (one of the leading newspapers in Napa and Sonoma) mistakenly referred to "Davis Family Estates" as an applicant for a controversial timber-clearing request, a report which "prompted letters of concern from groups ranging from Napa Vision 2050 to California Fisheries and Water Unlimited to the Land Trust of Napa County."

31. In 2016, Davis Family Vineyards received a telephone call from a consumer of Davis Family Vineyards' wines, who was confused by a reference in a recent Boston Globe article discussing Defendants' wines and cave. The consumer stated that he had also recently seen advertising for Defendants' tours and facility in Napa County. In light of Defendants' advertising, the consumer informed Davis Family Vineyards that he understood it had "moved to Napa" and asked if it now had two tasting room locations, or whether the article was "a misprint."

32. The confusion between Davis Family Vineyards and Defendants is also exacerbated by the fact they share the same distributor in certain markets, including Texas.

33. In 2016, a restaurant wine buyer located in Texas, who had previously purchased Davis Family Vineyards wines and who was acquainted with Guy Davis, was presented Defendants' wines bearing Defendants' Mark for purchase by a sales representative of Defendants' Texas distributor. The wine buyer inquired whether Defendants' wines were associated with Guy Davis and Davis Family Vineyards, and the sales representative incorrectly said that they were. Based on this incorrect representation, the wine buyer purchased Defendants' wines.

34. Texas is one of Davis Family Vineyards' top sales markets.

35. Despite Defendants' actual knowledge of Davis Family Vineyards' registered trademark, Defendants have been marketing and selling wine under Defendants' Mark throughout the United States, engaging in progressive encroachment and infringement, while knowing that such designation is likely to cause confusion, cause mistake or deceive the consuming public.

36. In a letter dated May 19, 2016, Davis Family Vineyards' counsel demanded that Defendants cease and desist from the use of Defendants' Mark in connection with its marketing and sale of wine. Nevertheless, Defendants have continued to market and sell their infringing DAVIS ESTATES-branded wine.

37. As recently as December 2, 2016, consumers who had previously attended a Davis Family Vineyards winemaker dinner at the two-star Michelin restaurant Melisse mistakenly emailed Davis Estates regarding requests to purchase Davis Family Vineyards wine. The consumers were looking to acquire Davis Family Vineyards wine for an event for 25-30 people to be held on December 10, 2016. Unfortunately, the email was not forwarded to Davis Family Vineyards until after December 10, 2016, thus causing Davis Family Vineyards to miss a significant sale and the opportunity to further connect with its customers.

///

///

38. Defendants' action have been deliberate, willful, malicious, and intentional and conducted with the intent of trading on the goodwill that inures to the DAVIS FAMILY VINEYARDS Mark and reputation of Davis Family Vineyards.

39. This case is an exceptional case, entitling Davis Family Vineyards to treble damages, attorneys' fees, and punitive damages as allowed for under the Lanham Act and California law.

## FIRST CLAIM

## FEDERAL TRADEMARK INFRINGEMENT:  15 U.S.C. § 1114

40. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 39.

41. Defendants' Mark has been and is likely to be confused with Plaintiff's DAVIS FAMILY VINEYARDS Mark.

42. Defendants' use of Defendants' Mark on its wine products constitutes use in commerce of a reproduction, copy or colorable imitation, and thus infringement, of Davis Family Vineyards' registered DAVIS FAMILY VINEYARDS trademark in connection with the offering for sale, distribution or advertising of goods or services on or in connection with which such use is likely to cause consumer confusion, mistake and deception as to source, sponsorship or approval of the Defendants' goods or services in violation of 15 U.S.C. § 1114.  Moreover, Defendants' foregoing acts are causing irreparable harm to Davis Family Vineyards for which there is no adequate remedy at law.

43. Defendants' ongoing acts of infringement are willful and deliberate, and result in substantial damage to Davis Family Vineyards in an amount to be determined at trial.

44. By reason of the foregoing acts, Defendants are liable to Davis Family Vineyards for trademark infringement under 15 U.S.C. § 1114.

## SECOND CLAIM

## UNFAIR COMPETITION 15 U.S.C. § 1125(a)

45. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 44.

46. Defendants' use of Defendants' Mark in connection with their wine products is such a colorable imitation and copy of Davis Family Vineyards' established trademark that Defendants' use thereof is likely to create confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association of Davis Family Vineyards' products or services, or to deceive consumers as to the origin, sponsorship or approval of Defendants' products or services in violation of 15 U.S.C. § 1125(a).

47. Defendants' incorporation and use of the DAVIS FAMILY VINEYARDS Mark on their products constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

48. Defendants' use of the DAVIS FAMILY VINEYARDS Mark constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

49. Defendants' ongoing acts of unfair competition and false designation of origin are willful and deliberate, and result in substantial damage to Davis Family Vineyards in an amount to be determined at trial.

### THIRD CLAIM

### UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 et seq.

50. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 49.

51. Defendants' actions discussed herein constitute unfair competition within the meaning of California Business and Professions Code § 17200.

52. Pursuant to California Business and Professions Code § 17203, Davis Family Vineyards is entitled to preliminary and permanent injunctive relief ordering Defendant to cease this unfair competition, as well as disgorgement of all of Defendants' profits associated with this unfair competition.

### FOURTH CLAIM

### COMMON LAW INJURY TO BUSINESS REPUTATION

53. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 52.

///

54. Defendants' use of some or all of Davis Family Vineyards' DAVIS FAMILY VINEYARDS Mark inures and creates a likelihood of injury to Davis Family Vineyards' business reputation because persons encountering Davis Family Vineyards and its products or services will believe that Davis Family Vineyards is affiliated with or related to or has the approval of Defendants, and any adverse reaction by the public to Defendants and the quality of their products and the nature of their businesses will injure the business reputation of Davis Family Vineyards and the goodwill that it enjoys in connection with its DAVIS FAMILY VINEYARDS Mark.

## FIFTH CLAIM

## COMMON LAW UNFAIR COMPETITION

55. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 54.

56. Defendants' actions constitute unfair competition under the common law of the State of California.

57. Defendants' ongoing acts of unfair competition are willful and deliberate, and result in substantial damage to Davis Family Vineyards in an amount to be determined at trial.

## SIXTH CLAIM

## COMMON LAW TRADEMARK INFRINGEMENT

58. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 57.

59. The general consuming public of California widely recognizes the DAVIS FAMILY VINEYARDS Mark as designating Davis Family Vineyards as the source of wine products. Davis Family Vineyards has common law trademark rights in the DAVIS FAMILY VINEYARDS Mark under California law.

60. Defendants' actions, as hereinbefore alleged, constitute trademark infringement in violation of the common law of the State of California.

61. Defendants' ongoing acts of infringement are willful and deliberate, and result in substantial damage to Davis Family Vineyards in an amount to be determined at trial.

WHEREFORE, Plaintiff prays:

1. For an order requiring Defendants to show cause why they should not be enjoined as set forth herein, during the pendency of this action, upon application for such by Plaintiff;

2. That Defendants and their agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendants, and each of them, be preliminarily and permanently enjoined from: (a) using the DAVIS ESTATES trademark or any other colorable imitation of Plaintiff's DAVIS FAMILY VINEYARDS trademark, and (b) using any trademark that imitates or is confusingly similar to or in any way similar to Davis Family Vineyards' trademark DAVIS FAMILY VINEYARDS, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Davis Family Vineyards' products or services or their connection to Defendants;

3. That Defendants be ordered to recall from retailers, all infringing wine bearing the trademark DAVIS ESTATES or any trademark that imitates or is confusingly similar to Davis Family Vineyards' trademark DAVIS FAMILY VINEYARDS;

4. That, pursuant to 15 U.S.C. § 1117, Defendants be held liable for all damages suffered by Davis Family Vineyards resulting from the acts alleged herein;

5. That, pursuant to 15 U.S.C. § 1117, Defendants be compelled to account to Davis Family Vineyards for any and all profits derived by them from their illegal acts complained of herein;

6. That the Defendants be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendants bearing a trademark found to infringe Davis Family Vineyards' rights in the DAVIS FAMILY VINEYARDS Mark, as well as all plates, matrices, and other means of making the same;

7. That Defendants be ordered to pay punitive damages in amount to be determined at trial;

///

8. That the Court declare this to be an exceptional case and award Davis Family Vineyards, treble damages, its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

9. That the Court grant Davis Family Vineyards any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law; and,

10. For such and other further relief that the Court deems just and proper.

Dated: December 14, 2016

          Respectfully submitted,

          CARLE, MACKIE, POWER & ROSS LLP

          By:   /s/ John B. Dawson
                John B. Dawson
                Richard C. O'Hare

                100 B Street, Suite 400
                Santa Rosa, CA 95401
                Telephone: (707) 526-4200
                Facsimile: (707) 526-4707

                Attorneys for Plaintiff
                Davis-Lehrmitage LLC dba
                Davis Family Vineyards

CARLE, MACKIE, POWER & ROSS LLP

13

COMPLAINT

**DEMAND FOR JURY TRIAL**

As set forth in its Complaint and prayer for relief, Plaintiff hereby requests a trial by jury in this matter.

Dated: December 14, 2016

                           Respectfully submitted,

                           CARLE, MACKIE, POWER & ROSS LLP

                           By:   /s/ John B. Dawson
                                  John B. Dawson
                                  Richard C. O'Hare

                                  100 B Street, Suite 400
                                  Santa Rosa, CA 95401
                                  Telephone: (707) 526-4200
                                  Facsimile: (707) 526-4707

                                  Attorneys for Plaintiff
                                  Davis-Lehrmitage LLC dba
                                  Davis Family Vineyards